

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-11-2003

# Matos v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3387

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Matos v. Comm Social Security" (2003). *2003 Decisions.* Paper 277.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/277

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 02-3387
_____

MARIA MATOS,  c/o ALICIA COLON,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No.00-cv-05783)
District Judge: Honorable John C. Lifland

_____

Submitted Under Third Circuit LAR 34.1(a)
on June 3, 2003

Before: ALITO, ROTH and STAPLETON Circuit Judges

(Opinion filed      September 11, 2003  )

ROTH, Circuit Judge:

Maria Matos has appealed the July 3, 2002, final order of the United States District Court for the District of New Jersey. The order affirmed the decision of the Commissioner of Social Security to deny Matos's application for supplemental security income (SSI). Matos originally applied for SSI benefits on May 3, 1995, through her mother and legal custodian Alicia Colon.

Matos suffers from neurological impairment. She received a total score of 77 on an Intelligence Quotient (IQ) test, indicating that she is within the borderline range of intellectual functioning. She was placed in an individualized education plan (IEP) in 1995. According to an IEP report, Matos's intellectual achievement was at one time more than one year behind her intellectual potential. However, she had made progress towards achieving the goals of her IEP and she was eventually mainstreamed into regular classes in math, art, music, and physical education, while remaining in special classes for her other subjects. Between the 1990-91 and 1994-95 school years, Matos's report card improved greatly, moving from a "C" in behavior and a "F" in work habits to "B's" in both areas.

Matos has other relevant physical and mental conditions. In 1993 Matos was

hospitalized and diagnosed with symptoms of asthma. In May 1995 Doctor Chang diagnosed Matos with Moderate Opposition Deficit Disorder. In August 1995, Dr. G. Victor, a state agency psychological consultant, reviewed Matos's records and opined that Matos was improving in her physical and behavioral abilities but that she suffered from oppositional disorder and had a history of asthma. Most importantly, he stated that Matos had moderate limitations in her cognitive, personal, and behavioral development and functions; less than moderate limitations in communicative functions and in maintaining concentration, persistence and pace; and no limitations in motor or social development and function.

We have jurisdiction of this appeal under 28 U.S.C. Section 1291. Our standard of review is whether the District Court correctly found the Commissioner's decision to be supported by substantial evidence. 42 U.S.C. § 405(g), 1383(©)(3); Plummer v. Apfel, 186 F.3d 422, 427 (3$^{d}$ Cir. 1999). Substantial evidence is evidence adequate enough for a reasonable mind to support the conclusion. Plummer, 186 F.3d at 427. Contradictory evidence may be found in the record, but is not cause for reversing the Commissioner's decision if substantial support exists for the decision within the record. Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The fact that a reviewing court may have made a different decision is not important as long as the Administrative Law Judge's (ALJ) decision is based on a reasonable interpretation of substantial evidence. Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997).

3

In order for the reviewing court to perform its duty and to "avoid judicial usurpation of administrative functions", we have required ALJ's to provide a statement of reasons or findings. Cotter v. Harris, 642 F.2d 700, 705 (1981). This statement should include any important findings subordinate to final findings and an explanation of what evidence was accepted and rejected in reaching the final decision. *Id*.

Turning to the merits of this appeal, a minor is disabled if she has "a medically determinable . . . impairment which results in marked and severe functional limitations . . . which has lasted or can be expected to last for a continuous period of not more than 12 months." 42 U.S.C. § 1382(c)(3)(C)(I) (2000). Determining whether a child is disabled is a three step process. 20 C.F.R. § 416.924 (2003). ALJ must find that (1) the claimant is not engaged in substantial gainful activity; (2) the claimant suffers from one or more severe impairments; and (3) the impairment meets, medically equals, or is functionally equivalent in severity to an impairment listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1 (Listing of Impairments). If the claimant's impairments do not meet or equal any impairment specified in the Listings, the Commissioner evaluates all of the child's functional limitations caused by a disability. For a disability to be functionally equivalent, the limitations caused by the disability must be the same as the limitations caused by a listed impairment. 20 C.F.R. §416.924 (2003).

Following the required process, the ALJ found that Matos was not disabled. He determined that Matos's asthma did not create symptoms serious enough to qualify as

4

impaired under the listing and that her mood disorder did not approach what is necessary to be considered an affective mood disorder. Moreover, he concluded that her borderline intelligence was not low enough to satisfy any of the 4 possible requirements for mental retardation. 20 C.F.R. Pt. 404, Subpt. P. App 1 § 112.00 (2003).

As for her claim of problems with inattention, impulsiveness, and hyperactivity, Dr. Victor specifically concluded that Matos had less than moderate limitations in maintaining concentration, persistence, and pace and no limitations in motor or social development and function. Additionally, she had a consistently improving school and behavioral record. The ALJ concluded that, taking her mental condition as a whole, Matos had no limitation severe enough to satisfy any listing. Moreover, after careful review, the ALJ concluded that none of her impairments were the functional equivalent of a listed impairment.

We agree with the Commissioner and the District Court that the evidence supporting the ALJ's decision is substantial and more importantly that there is little evidence that contradicts that decision. For the foregoing reasons, we will affirm the judgment of the District Court.

5

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/Jane R. Roth

Circuit Judge